UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
PELEUS INSURANCE COMPANY,                                               :
:
Plaintiff,                                  :
:                       20 Civ. 2971 (JPC)
-v-                                                          :
:                            ORDER
ATLANTIC STATE DEVELOPMENT CORP. *et al.*,                              :
:
Defendants.                                 :
:
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Complaint alleges that this Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332, which requires diversity of citizenship. *See* Dkt. 1 ("Complaint") ¶ 7.[1] The Complaint fails, however, to properly allege the domicile of Defendants Michael Winters and Lauran Walk. For both Defendants, the Complaint only alleges that they are "a resident of the State of New York." *Id.* ¶¶ 5-6. Allegations of residency are "insufficient to establish citizenship" for diversity purposes, *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997), because "a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens," *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967).

"Although a plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter

---

[1] The Complaint also pleads subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. Complaint ¶ 7. But the Declaratory Judgment Act does not by itself confer subject matter jurisdiction. *See Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006). Instead, "there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." *Id.*

jurisdiction, its failure to do so does not always require that the action be dismissed." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (citation omitted). That is because "the actual *existence* of diversity jurisdiction, *ab initio,* does not depend on the complaint's compliance with these procedural requirements." *Id.* (quotations omitted).

When a complaint fails to properly allege jurisdiction, Courts generally have two options. One option is to "allow a complaint to be amended to assert" those "facts necessary to the establishment of diversity jurisdiction." *Id.* (quotations omitted). Another option is that "when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, [the Court] may simply deem the pleadings amended so as to properly allege diversity jurisdiction." *Id.* (quotations omitted).

Given that the parties have already fully briefed Plaintiff's motion for summary judgment, supplementing the record—rather than amending the Complaint—would preserve judicial resources. Thus, by February 18, 2022, Plaintiff must submit an affidavit outlining Plaintiff's and Defendants' domicile. *See Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (ordering the parties after oral argument on appeal "to submit additional affidavits regarding the plaintiff's domicile and the defendant's state of incorporation" to establish whether diversity jurisdiction existed). By February 22, 2022, Defendants must file a letter with their views as to whether diversity of citizenship exists. If any Defendant contests diversity jurisdiction, that Defendant must also file an affidavit addressing any facts Plaintiff includes in its affidavit or otherwise relevant to the diversity analysis.

SO ORDERED.

Dated: February 11, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge