UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                   :

PELEUS INSURANCE COMPANY,            :
                                   :

                 Plaintiff,         :

                                   :         20 Civ. 2971 (JPC)

        -v-                       :

                                   :         <u>ORDER</u>

ATLANTIC STATE DEVELOPMENT CORP. *et al.*,  :
                                   :

               Defendants.      :

                                   :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In Plaintiff Peleus Insurance Company's motion for summary judgment, it seeks a declaration that it is "entitled to recoup its defense costs incurred in the defense of Atlantic in the [New York Case]." Dkt. 33 at 15. Other than arguing that Peleus cannot disclaim coverage in the underlying case, Defendant Atlantic State Development Corp. offers no counter to this claim. After reviewing the parties' briefing, the Court finds that supplemental briefing on the issue is warranted.

Thus, by February 21, 2022, the parties shall file supplemental briefing on this issue. The briefing should assume *arguendo* that the Court finds that Peleus does not have a duty to defend or indemnify Atlantic and address:

1. Whether Peleus's September 30, 2019 reservation of rights letter sufficiently reserved the right to recoup defense costs. The briefing should address whether New York law requires that a reservation of rights letter explicitly advise the insured that the insurer reserved the right to recoup defense costs and whether the letter met any such requirement. *See, e.g.*, *Century Sur. Co. v. Franchise Contractors, LLC*, No. 14 Civ. 277 (NRB), 2016 WL 1030134, at *5 (S.D.N.Y. Mar. 10, 2016) ("In order to be entitled to reimbursement of defense costs, the insurer must *explicitly advise* the named insured

that it was reserving its right to seek reimbursement against the named insured in the event it is determined the insurer had no defense obligation, and the insured must not object to the reservation." (emphasis added)); *United Specialty Ins. Co. v. CDC Hous., Inc.*, 233 F. Supp. 3d 408, 414 (S.D.N.Y. 2017) (the insurer's reservation of rights letter saying that it "explicitly reserved its right to seek recoupment of its defense costs in its."); *Maxum Indem. Co. v. A One Testing Lab'ys, Inc.*, 150 F. Supp. 3d 278, 286 (S.D.N.Y. 2015) (the insurer's reservation of rights letter saying that it reserved right "to recover back defense costs"); *Max Specialty Ins. Co. v. WSG Invs., LLC*, No. 09 Civ. 5237 (CBA) (JMA), 2012 WL 3150579, at *8 (E.D.N.Y. Apr. 20, 2012) the insurer's reservation of rights letter saying that it "reserves the right to seek recovery of defense expenses incurred in connection with the lawsuit"), *report and recommendation adopted*, 2012 WL 3150577 (E.D.N.Y. Aug. 2, 2012); *Gotham Ins. Co. v. GLNX, Inc.*, No. 92 CIV. 6415 (TPG), 1993 WL 312243, at *4 (S.D.N.Y. Aug. 6, 1993) ("[The insurer]'s reservation of rights letter explicitly advised [the insured] that it reserved its right to seek reimbursement in the event of a determination that it had no duty to defend.").

2. Whether Peleus's March 3, 2020 letter sufficiently reserved the right to recoup defense costs.

3. Whether New York law permits courts to allow an insurer to recoup costs for only a portion of the defense.  For example, assuming that the March 3, 2020 letter sufficiently reserved the right to recoup defense costs but the September 30, 2019 letter did not properly reserve the right, whether the Court could declare that Peleus is entitled to recoup only those defense costs it incurred after the March 3, 2020 letter.

4. Specifying where in the contract between Peleus and Atlantic there is a contractual

provision for recouping defense costs.

5.   Whether under New York law an insurer can recoup defense costs when the insurance policy provides a duty to defend but has no express contractual provision for recouping defense costs.  *See, e.g.*, *Am. W. Home Ins. Co. v. Gjonaj Realty & Mgmt. Co.*, 192 A.D.3d 28, 40 (N.Y. App. Div. 2020) ("Awarding an insurer its defense costs when the insurer issues a reservation of rights letter for the same despite the lack of any language in the policy at issue permitting the insurer to recover the costs of defending claims that are later determined not covered by the policy flies in the face of basic contract principles and allows an insurer to impose a condition on its defense that was not bargained for."); *Crescent Beach Club LLC v. Indian Harbor Ins. Co.*, 468 F. Supp. 3d 515, 554 (E.D.N.Y. 2020) ("Where . . . the Policy provides a duty to defend, but has no express contractual provision allowing for recoupment of defense costs, and the insurer provided a defense in compliance with its contractual duty to defend, recoupment of past defense costs is inappropriate."); *Century Sur. Co. v. Vas & Sons Corp.*, No. 17 Civ. 5392 (DLI), 2018 WL 6164724, at *6 (E.D.N.Y. Aug. 31, 2018) ("New York law . . . does not provide for an independent *claim* of recoupment of defense costs; instead, New York law provides for such a *remedy* where the insurer prevails on a contractual or quasi-contractual claim for relief of that nature."), *report and recommendation adopted*, 2018 WL 4804656 (E.D.N.Y. Sept. 30, 2018).

6.   Assuming that the Court finds Peleus is not entitled to recoup defense costs, whether the Court may grant summary judgment on this issue to Atlantic.  *See* Fed. R. Civ. P. 56(f)(1) ("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant.").

SO ORDERED.

Dated: February 14, 2022
      New York, New York

_____
JOHN P. CRONAN
United States District Judge

4