UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PELEUS INSURANCE COMPANY,

                            Plaintiff,

      v.

ATLANTIC STATE DEVELOPMENT CORP.,
LAURAN WALK and MICHAEL WINTERS,

                            Defendants,

-------------------------------------------------------------x

                                  Civil Action No.: 1:20-cv-02971-JPC

---

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF SUMMARY JUDGMENT FOR DEFENDANT**

---

**The Law Office of Lawrence A. Garvey & Associates, P.C.**

By:    */s/Joseph Reiter*   
                 Joseph Reiter, Esq.
                 *Attorneys for Defendant Atlantic State Development Corp.*
                 317 South Little Tor Road
                 New City, New York 10956
                 T: (845) 634-6404/ F: (845) 634-6538
                 Email: lgarvey@laglawfirm.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**…………………………………………………………………i

**PRELIMINARY STATEMEMNT**………………………………………………...……1

**STATEMENT OF FACTS**………………………..……………………….……...……………..2

**LEGAL STANDARD**………………………………………………………………5

**ARGUMENT AND CITATIONS**………………………….…………………………………6

    **I.**    Legal Standard…………………………………………………………………6

    **II.**    Duty to Defend……………………..…………………….……………………...7

    **III.**    Peleus Cannot Recoup Defense Costs Under the Policy………………..8

    **IV.**    The Reservation of Rights Letter……………………….…………………..10

    **V.**    The Disclaimer Letter………………………….……………………..…11

    **VI.**    Partial Recoupment of Defense Costs…………………………….………13

**CONCLUSION**………………………………………………………………………13

# TABLE OF AUTHORITIES

## Cases

*Alexander & Alexander, Inc. v. Van Impe*,
    787 F.2d 163 (3d Cir. 1986)………………………………………………….…...13

*Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.,*
    606 Pa. 584, 2 A.3d 526…………………………………………………………9, 10

*Am. W. Home Ins. Co. v. Gjonaj Realty & Mgmt. Co.*,
    192 A.D.3d 28 (N.Y. App. Div. 2020)……………………………………...8, 9, 10, 12, 14

*Avnet, Inc. v. Aetna Cas. & Sur. Co.*,
    160 A.D.2d 463, 554 N.Y.S.2d 134 (1st Dept. 1990)…………………………………..8

*Beacon Constr. Co. v. Matco Elec. Co.*,
    521 F.2d 392 (2d Cir. 1975)……………………………………………………...13

*Bridgeway Corp. v. Citibank*,
    201 F.3d 134, 139-40 (2d Cir. 2000)………………………………………………..7

*Century Sur. Co. v. Franchise Contrs., LLC*,
    2016 U.S. Dist. LEXIS 31271, 38, 2016 WL 1030134…………………………….....11

*Century Sur. Co. v. Vas & Sons Corp*.,
    2018 U.S. Dist. LEXIS 171888, 22…………………………………………...8, 10

*Coach Leatherware Co. v. AnnTaylor, Inc*.,
    933 F.2d 162……………………………………………………………………....7

*Cont'l Cas. Co. v. Rapid-American Corp.,*
    80 N.Y.2d 640, 609 N.E.2d 506, 593 N.Y.S.2d 966……………………………………...7

*Crescent Beach Club LLC v. Indian Harbor Ins. Co.*,
    468 F. Supp. 3d 515 (E.D.N.Y. 2020)…………………………………………...9, 10

*Edward B. Marks Music Corp. v. Charles K. Harris Music Publ'g*,
    255 F.2d 518 (2d Cir. 1958)………………………………………………...……13

*Erdman v. Eagle Ins. Co.*,
    239 A.D.2d 847, 658 N.Y.S.2d 463, 466 (App. Div. 3d Dep't 1997)………………..…7

*Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc*.,
    155 F.3d 17, 1998 U.S. App. LEXIS 16091………………………………………..13

i

*General Star Indem. Co. v. Driven Sports, Inc.,*
    80 F. Supp. 3d 442, 2015 U.S. Dist. LEXIS 7966……………………………..……9

*Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.,*
    95 F. Supp. 2d 169, 2000 U.S. Dist. LEXIS 5722………………………………………13

*Horn & Hardart Co. v. National Rail Passenger Corp.,*
    269 U.S. App. D.C. 53, 843 F.2d 546, (D.C. Cir. 1988)………………….……......13

*IBM v. Liberty Mut. Ins. Co.,*
    363 F.3d 137……………………………………………………………………..……..7

*Insurance Servs. of Beaufort, Inc. v. Aetna Cas. and Sur. Co.,*
    966 F.2d 847 (4th Cir. 1992)…………………………………………………………13

*Knapp v Commonwealth Land Tit. Ins. Co., Inc.,*
    932 F Supp 1169 (D Minn)……………………………………………………………10

*Md. Cas. Co. v. Cont'l Cas. Co.,*
    332 F.3d 145, 160 (2d Cir. 2003)……………………………………………….7

*National Sur. Corp. v. Immunex Corp.,*
    176 Wn.2d 872, 297 P.3d 688 (Wash. 2013)……………………………………..……8

*Oladokun v. Ryan,*
    No. 06 Civ. 2330, 2010 U.S. Dist. LEXIS 103381, 2010 WL 3910578,
    (S.D.N.Y. Sept. 30, 2010) …………………………………………………….…..6

*Security Ins. Co. v. White,*
    236 F.2d 215 (10th Cir. 1956)……………………………………………………...13

*Shoshone First Bank v. Pac. Emps. Ins. Co.,*
    2 P.3d 510, 515 (Wy. 2000)…………………………………………………………9

*Snider v. Melindez,*
    199 F.3d 108 (2d Cir. 1999)……………………………………………………………7

*Texas Assn. of Counties County Govt. Risk Mgt. Pool v Matagorda County,*
    52 SW3d 128, 131 (Tex)…………………………………………………………..…9

*United Nat'l Ins. Co. v. Sst Fitness Corp.,*
    309 F.3d 914, 2002 U.S. App. LEXIS 22814, 2002 FED App. 0384P (6th Cir.)…….9, 10

*United Specialty Ins. Co. v. CDC Hous., Inc.,*
    233 F. Supp. 3d 408 (S.D.N.Y. 2017)……………………………….…………..…12

*Williams v. Secure Res. Commun. Corp.,*
 *2012 U.S. Dist. LEXIS 189138, 7*…………………………………………………………...7

*Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.,*
 84 N.Y.2d 309, 642 N.E.2d 1065, 618 N.Y.S.2d 609……………………………………..8

## **Statutes**

New York State Insurance Law § 3420 (d) (2)……………………………………………..13

## **Rules**

Fed Rules Civ Proc R 56 (a)…………………….…………..…………….…..…………….6

Fed Rules Civ Proc R 56 (f)………………………………………………….…………6, 7

## PRELIMINARY STATEMENT

Plaintiff Peleus Insurance Company ("Peleus") issued a Commercial General Liability Policy to Defendant Atlantic State Development Corp. ("Atlantic State") as the named insured, effective October 19, 2018, to October 19, 2019 (the "Policy").  The Policy does not contain any provision for recouping defense costs.  Peleus was notified of a claim involving *Michael Winters v. Atlantic State Development Corp. and Lauran Walk,* filed in the Supreme Court of the State of New York, County of New York under Index No. 153548/2019 (the "State Action"), no later than September 23, 2019.  On September 30, 2019, Peleus sent a letter to Atlantic State (the "Reservation of Rights Letter"), wherein Peleus acknowledged that Peleus had been placed on notice of the claim, and that Peleus reserved the right to take a further coverage position as to disclaimer or reservation of rights, and that Peleus expressly reserved its rights to assert any and all defenses to coverage under the Policy and applicable law.  The Reservation of Rights Letter did not advise Atlantic State that Peleus reserved the right to recoup defense costs.

Prior to sending the Reservation of Rights Letter, Peleus assigned the law firm of MONTFORT, HEALY, McGUIRE & SALLEY LLP. ("Montfort, et al."), to defend Atlantic State in the State Action.  On October 1, 2019, Christopher Cafaro, Esq., of Montfort, et al., appeared for Atlantic State in the State Action.  Montfort, et al., promptly turned over to Peleus certain documents from Plaintiff Winters in the State Action, which evidenced a claim by Winters that he was employed by Taconic Builders, Inc.  By letter dated March 3, 2020 (the "Disclaimer Letter") Counsel for Peleus,  LONDON FISCHER LLP, notified Atlantic State that Peleus disclaims coverage to Atlantic under the Peleus Policy, and that "Peleus will not pay for any amounts including settlements, judgments, interest or defense costs on behalf of Atlantic."

The Disclaimer Letter did not advise Atlantic State that Peleus reserved the right to recoup defense costs, or that Peleus was seeking, or would seek reimbursement for defense costs.

Under New York State law, the insurer's duty to defend is broader than the duty to indemnify, and is determined by reference to the complaint. Peleus had a duty to defend, and the Policy does not contain any provision for recouping defense costs. Under New York State law, Peleus cannot expand its contractual rights under the Policy by letter to the insured.

Even if Peleus could expand its contractual rights through letter, or notice, to the insured, it has not done so. The Reservation of Rights Letter did not advise Atlantic State that Peleus reserved the right to recoup defense costs. The Disclaimer Letter did not advise Atlantic State that Peleus was reserving the right to recoup defense costs, but only that Peleus will not pay for defense costs, and that Peleus intended to commence a declaratory judgment proceeding withdrawing its defense of Atlantic.

## STATEMENT OF FACTS

The Defendant, Atlantic State, respectfully refers the Court to the factual allegations in the previously filed Declarations of Harvey Bloomston (the "Bloomston Declaration", Dkt. 36), and Lawrence Garvey, Esq., (the "Garvey Declaration", Dkt. 37), the previously filed Response to Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1 filed by Atlantic State (hereinafter "Atlantic R. 56.1", Dkt. 39), and Defendant's exhibits annexed thereto, as well as the following exhibits to the Declaration of Jocelyn Cornbleet, for Peleus Insurance Company (the "Cornbleet Declaration", Dkt. 32): "Exhibit A" – the Policy (Dkt. 32, Att. #s 1-4), "Exhibit D" – the Reservation of Rights Letter (Dkt. 32, Att. #s 7), "Exhibit H" – the Disclaimer Letter (Dkt. 32 Att. #11).

The factual background of this case has been previously submitted by both sides and, except as noted in Atlantic R. 56.1, the facts relevant to the Court's Order to file supplemental briefing, dated February 15, 2022, Dkt. 45, are largely undisputed.  The State Action was commenced by Michael Winters filing the summons and complaint (the "State Complaint") against Atlantic State, and Lauren Walk on, or about April 4, 2019.  According to the Affidavit filed by counsel for Winters, the Secretary of State was served on July 2, 2019.  Atlantic State did not receive notice of the State Action until September, 2019, and notified the insurance provider, Colony Specialty, who in turn notified Peleus.  Peleus acknowledged receipt of the information on September 19, 2019.  ("Acknowledgement Letter", **Exhibit 7**.)

The Policy (**Exhibit 15**) was in effect on the date of the alleged injury to Winters, January 23, 2019.  (See State Complaint, **Exhibit 1**.)  The State Complaint by Winters alleges liability of Atlantic State, because "he was caused to be injured due to the negligence and violations of the Labor Law on behalf of the defendants."  (Paragraph Twelfth, **Exhibit 1**.)  The Policy does not contain any provision for recouping defense costs by Peleus.

Upon information and belief Winters was employed by Taconic Builders at the time of the alleged injury.  Taconic Builders is not named in the State Complaint.  Upon information and belief, Winters subsequently obtained a recovery from Taconic Builders' Workers' Compensation carrier.  The State Action was dismissed against Atlantic State, by Decision and Order dated April 16, 2021, and filed on or about April 20, 2021.  (**Exhibit 16**.)

By the Reservation of Rights Letter dated September 30, 2019 (**Exhibit 3**) Atlantic State was notified of the following: "The purpose of this letter is to advise you of Peleus Insurance Companies determination regarding a request for defense and indemnification for the above-mentioned matter. Please note that this matter is currently under initial investigation."  The

Reservation of Rights Letter did not contain any reference to a right of Peleus to recoup defense costs, seek reimbursement for legal expenses of defending the claim, or otherwise assert or reserve any right to recover costs incurred by Peleus in defending the State Action.  The letter reproduced certain sections of the Policy, which also do not contain any reference to a right of Peleus to recoup defense costs.  Under "III CONCLUSION" the Reservation of Rights Letter stated "In summary, Peleus Insurance Company reserves its right to disclaim coverage under the above-mentioned applicable policies to any named insured or potential additional insured."

On September 24, 2019, Peleus assigned the law firm Montfort, Healy, McGuire & Salley LLP to defend Atlantic State in the State Action.  On October 1, 2019, prior to the receipt of the Reservation of Rights Letter by Atlantic State, Mr. Cafaro, of Montfort et. el., appeared and filed papers in the State Action on behalf of Atlantic State.  (Bloomston Declaration. ¶ 12, Dkt. 36.)  Mr. Cafaro continued to represent Atlantic State in the State Action through the dismissal of the State Complaint, on or about April 16, 2019, and including the denial of Winter's motion to vacate dismissal Order.

Counsel for Peleus, LONDON FISCHER LLP, sent the Disclaimer Letter on behalf of Peleus, dated March 3, 2020, to Atlantic State.  (E**xhibit 5**.)  The Disclaimer Letter stated,

> Based on newly received information, and supplementing the September 30, 2019 comprehensive reservation of rights, we advise that no coverage is available to Atlantic under the Peleus Commercial General Liability Policy 103-GL-0026175-00 issued to Atlantic for the period of October 19, 2018 to October 19, 2019 (the "Peleus Policy") for the above-referenced action due to Atlantic's violation of the No Coverage Applies if Contractor Conditions Not Met Endorsement.

The Disclaimer Letter then reproduced certain section of the Policy, and stated, "Based on the foregoing, Peleus disclaims coverage to Atlantic under the Peleus Policy."  The Disclaimer Letter also stated, "Peleus will not pay for any amounts including settlements,

judgments, interest or defense costs on behalf of Atlantic, or any party, in the lawsuit. Peleus intends to commence a declaratory judgment proceeding withdrawing its defense of Atlantic."

This is the only refence to "defense costs" in the Disclaimer Letter, and it does not assert a right or intention to recoup, recover, or seek reimbursement for defense costs.  The only action that Peleus notified Atlantic State that Peleus was intending to take was a declaratory judgment proceeding withdrawing its defense of Atlantic.  There is also an additional general reservation of rights, to wit, "Peleus reserves all rights with respect to the Peleus Policy, at law, and in equity, that may prove relevant to the instant matter."

On, or after, June 5, 2020, Defendant received the "Acknowledgement Letter".  The Acknowledgement Letter is on Colony Specialty letterhead, but the valediction is "Sincerely, Peleus Insurance Company, Claim Department."  (**Exhibit 7**.)  The Acknowledgement Letter contains the following request:

> We request that you do not make any statements regarding this claim to the claimant or their representative.  If you are contacted by or on behalf of the claimant, we request that you immediately contact the assigned claim adjuster for further instructions.
>
> Finally, if you would receive any legal documents, such as a summons and complaint please contact your claims adjuster directly and forward the materials to their attention as soon as possible.

The Acknowledgment Letter does not mention any reservation of rights, nor does it assert any right, or intention, to seek recoupment of defense costs.  (**Exhibit 7**.)

## ARGUMENT AND CITATIONS

### I.   LEGAL STANDARD

**(a)     Motion for Summary Judgment or Partial Summary Judgment.**
A party may move for summary judgment, identifying each claim or defense - or
the part of each claim or defense—on which summary judgment is sought. The
court shall grant summary judgment if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter
of law. The court should state on the record the reasons for granting or denying
the motion.

Fed Rules Civ Proc R 56 (a).

**(f) Judgment Independent of the Motion.**
After giving notice and a reasonable time to respond, the court may:
**(1)** grant summary judgment for a nonmovant;
**(2)** grant the motion on grounds not raised by a party; or
**(3)** consider summary judgment on its own after identifying for the parties
material facts that may not be genuinely in dispute.

The practice of granting summary judgment to the nonmoving party predates the current

Rule 56 (f).[1]  Rule 56 (f) codifies the previous practice, and mandates notice to the moving party,

which was favored, but not strictly required, prior to the current rule.

> Under appropriate circumstances, summary judgment may be granted *sua
> sponte* in favor of the non-moving party. Fed. R. Civ. P. 56(f)(1); *Bridgeway
> Corp. v. Citibank*, 201 F.3d 134, 139-40 (2d Cir. 2000); *Oladokun v. Ryan*, No. 06
> Civ. 2330, 2010 U.S. Dist. LEXIS 103381, 2010 WL 3910578, at 5 (S.D.N.Y.
> Sept. 30, 2010).  Although courts are well advised to give notice to the moving
> party of the possibility that judgment may be entered against it, the absence of
> notice will not be prejudicial if the moving party has no additional evidence to
> proffer. *See Bridgeway Corp.*, 201 F.3d at 140; *Oladokun*, 2010 U.S. Dist. LEXIS
> 103381, 2010 WL 3910578, at 5.

*Williams v. Secure Res. Commun. Corp.*, 2012 U.S. Dist. LEXIS 189138, 7.

---

[1] "Subdivision (f) brings into Rule 56 text a number of related procedures that have grown up in
practice. After giving notice and a reasonable time to respond the court may grant summary
judgment for the nonmoving party; grant a motion on legal or factual grounds not raised by the
parties; or consider summary judgment on its own."  Notes of Advisory Committee on 2010
amendments.  USCS Fed Rules Civ Proc R 56.

> District courts are well advised to give clear and express notice before granting summary judgment *sua sponte*, even against parties who have themselves moved for summary judgment. The provision of such notice requires relatively little time or effort, and it permits appellate courts much more readily to determine -- as they are required to do -- whether "the absence of a cross motion affected the result." *Coach Leatherware Co.*, 933 F.2d at 167; *see also Snider v. Melindez*, 199 F.3d 108, 1999 U.S. App. LEXIS 32094, 1999 WL 1114693, at *5 (2d Cir. 1999) ("Providing the adversely affected party with notice and an opportunity to be heard plays an important role in establishing the fairness and reliability of the order.").

*Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139, 2000 U.S. App. LEXIS 8, 8-9, 53 Fed. R. Evid. Serv. (Callaghan) 357.  In any event, the Court has provided notice and a reasonable time to respond to Peleus, and the Court's power to grant summary judgment to Atlantic State under Rule 56 (f) is clear.

## II.   DUTY TO DEFEND

The Plaintiff had a duty to defend Atlantic State pursuant to the Policy, and New York State law.  The Second Circuit, interpreting New York law, held, "an insurer's duty to defend is 'exceedingly broader' than its duty to indemnify. *See, e.g., Erdman v. Eagle Ins. Co.*, 239 A.D.2d 847, 658 N.Y.S.2d 463, 466 (App. Div. 3d Dep't 1997). 'An insurer must defend whenever the four corners of the complaint suggest - or the insurer has actual knowledge of facts establishing - a reasonable possibility of coverage.' *Cont'l Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d at 648 (citations omitted)." *Md. Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 160 (2d Cir. 2003).  The "four corners" of the State Complaint suggest a reasonable possibility of coverage, in that only Atlantic State, and Lauren Walk (the property owner) were named as defendants in the State Complaint.  (State Complaint, **Exhibit 1**.)  "The duty is to defend any action, regardless of its merit, that seeks damages *potentially* within the indemnity coverage." (*Emphasis in original*.)  *IBM v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 144.

7

### III.   PELEUS CANNOT RECOUP DEFENSE COSTS UNDER THE POLICY

Plaintiff and Defendant agree that New York law is controlling.  "Application of the Peleus Policy is subject to the principles of New York law."  (Plaintiff's Memorandum of Law, p. 3.)  "Where the choice of law analysis concerns a liability insurance contract, 'the principal location of the insured risk' is the primary factor in determining the governing law."  *Zurich Ins. Co*., 84 N.Y.2d at 317.; Restatement § 193; *Avnet, Inc. v. Aetna Cas. & Sur. Co.*, 160 A.D.2d 463, 554 N.Y.S.2d 134 (1st Dept. 1990).  (Plaintiff's Memorandum of Law, p. 3.)

There is no provision in the Policy for the recoupment of defense costs by Peleus. (**Exhibit 15**.)  Under New York law, the insurer cannot recoup defense costs, absent an express contractual provision in the policy.  *Am. W. Home Ins. Co. v. Gjonaj Realty & Mgmt. Co.*, 192 A.D.3d 28, 38-39 (N.Y. App. Div. 2020).

Defendant acknowledges that some District Courts have permitted a right to recoupment of defense costs, on the basis of a subsequent reservation of rights letter, but this is not the law in New York.  "The opinion in *General Star* acknowledged that some federal courts have considered the possibility of recoupment, including cases where courts have awarded recoupment, but declined to find that New York law provides recoupment as an appropriate remedy." *Century Sur. Co. v. Vas & Sons Corp*., 2018 U.S. Dist. LEXIS 171888, 22.

The Opinion in *General Star* is based on familiar principles of contract law, and the New York "rule" requiring the insurer to provide a defense when there is a reasonable possibility of coverage, based on the allegations in the complaint.  The insurer cannot unilaterally amend the insurance contract.

> As other courts have noted, plaintiff bears the risk of not providing for recoupment in the Policy itself, and plaintiff is not saved by its later, unilateral reservation of rights. *See, e.g., National Sur. Corp. v. Immunex Corp*., 176 Wn.2d 872, 297 P.3d 688, 694 (Wash. 2013) ("[A]llowing recoupment to be claimed in a

> reservation of rights letter would allow the insurer to impose a condition on its defense that was not bargained for."); *Jerry's Sports Ctr.*, 2 A.3d at 544 ("Where the insurance contract is silent about the insurer's right to reimbursement of defense costs, permitting reimbursement for costs . . . . would amount to a retroactive erosion of the broad duty to defend."); *Shoshone First Bank v. Pac. Emps. Ins. Co.*, 2 P.3d 510, 515 (Wy. 2000) ("The insurer is not permitted to unilaterally modify and change policy coverage.").

*General Star Indem. Co. v. Driven Sports, Inc.*, 80 F. Supp.3d 442, 461-462, 2015 U.S. Dist. LEXIS 7966, 45-48. "There is little doubt that the insurance company could have included in the policy a provision wherein it could recover its defense costs (upon a reservation of rights and a judicial determination that it is not required to indemnify) had it wanted to, but it did not do so here." *Am. W. Home Ins. Co. v. Gjonaj Realty & Mgmt. Co.*, 192 A.D.3d 28, 38-39 (N.Y. App. Div. 2020).

> Awarding an insurer its defense costs when the insurer issues a reservation of rights letter for the same despite the lack of any language in the policy at issue permitting the insurer to recover the costs of defending claims that are later determined not covered by the policy flies in the face of basic contract principles and allows an insurer to impose a condition on its defense that was not bargained for.

*Id.* at 40.

The Appellate Division of the New York State Supreme Court explicitly rejected the argument that a reservation of rights letter can create a right to recoup defense costs not contained in the Policy, noting that this position is also consistent with the trend among federal courts applying New York law:

> Plainly, a unilateral reservation of rights letter 'cannot create rights not contained in the insurance policy' (*United Natl. Ins. Co. v SST Fitness Corp.*, 309 F3d at 925 [Clay, J., dissenting], quoting *Texas Assn. of Counties County Govt. Risk Mgt. Pool v Matagorda County*, 52 SW3d 128, 131 [Tex])." "Significantly, some of the federal courts—interpreting New York law—appear to be shifting course on this issue.  Recently, in *Crescent Beach Club LLC v Indian Harbor Ins. Co.* (468 F Supp 3d at 554) and *Century Sur. Co. v Vas & Sons Corp.* (2018 WL 6164724, 2018 US Dist LEXIS 151209 [ED NY, No. 17-CV-5392 (DLI)]), the federal court for the Eastern District of New York found that an insurance

company's recoupment of defense costs was inappropriate where the policy at issue provided a duty to defend, but had no express contractual provision allowing for recoupment of defense costs (see *Crescent Beach Club LLC v Indian Harbor Ins. Co.*, 468 F Supp 3d at 554; *Century Sur. Co. v Vas & Sons Corp.*, 2018 WL 6164724, 2018 US Dist LEXIS 151209 [order adopting magistrate report and recommendation at 2018 WL 4804656, 2018 US Dist LEXIS 171888 (ED NY, No. 17-CV-5392 [DLI] [RLM])]).   We agree with this view.

*American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co.*, 192 A.D.3d 28, 37, 138 N.Y.S.3d 626, 2020.

Peleus has no contractual right to recoup defense costs, and cannot create a right to recoup defense costs through a subsequent reservation of rights letter, even if the letter explicitly claims such a right.  "Although courts in other jurisdictions (not applying New York law) have asserted a rationale for allowing recoupment of defense costs where an insurance company has sent a reservation of rights letter—finding that where an insurer reserves its right to recover defense costs and the insured accepts payment of the defense costs, a new "implied" contract is created (*see United Natl. Ins. Co. v SST Fitness Corp.*, 309 F3d 914, 920 [6th Cir]; *Knapp v Commonwealth Land Tit. Ins. Co., Inc.*, 932 F Supp 1169, 1172 [D Minn])—we do not agree with that position."  *American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co.*, 192 A.D.3d 28, 39, 138 N.Y.S.3d 626, 635 (2d Dep't., 2020.)

## IV.   THE RESERVATION OF RIGHTS LETTER

The Reservation of Rights Letter dated September 30, 2019, advised Atlantic State that Peleus reserved the right to take a further coverage position, and to assert any defenses to coverage under the Policy and applicable law.  (**Exhibit 3.**)  The Reservation of Rights Letter did not explicitly, or implicitly, advise the insured that the insurer reserved the right to recoup defense costs.  The Reservation of Rights Letter contained no reference to the recoupment of defense costs.

10

## V.   THE DISCLAIMER LETTER

The Disclaimer Letter dated March 3, 2020, advised Atlantic State that "Peleus will not pay for any amounts including settlements, judgments, interest or defense costs on behalf of Atlantic, or any party, in the lawsuit. Peleus intends to commence a declaratory judgment proceeding withdrawing its defense of Atlantic." (**Exhibit 5**.) For the reasons previously stated under "II. PELEUS CANNOT RECOUP DEFENSE COSTS UNDER THE POLICY", Peleus could not have created a right to recoup defense costs through service of a letter advising Atlantic State of such a right. Furthermore, even assuming that an explicit reservation of the right to recoup defense costs would be effective under New York law, the Disclaimer Letter was not a sufficiently explicit reservation of the right to recoup defense costs.

"In order to be entitled to reimbursement of defense costs, the insurer must explicitly advise the named insured that it was reserving its right to seek reimbursement against the named insured in the event it is determined the insurer had no defense obligation, and the insured must not object to the reservation." (Internal citations omitted.) *Century Sur. Co. v. Franchise Contrs., LLC*, 2016 U.S. Dist. LEXIS 31271, 38, 2016 WL 1030134. The statement of intent by Peleus, that "Peleus will not pay for… defense costs", and that "Peleus intends to commence a declaratory judgment proceeding withdrawing its defense…", was not an explicit assertion that Peleus was reserving the right to seek reimbursement of defense costs, and was not understood as such an assertion by either party. Atlantic State could not reasonably be expected to infer that they had a right, or obligation, to object to Peleus's intended future action, other than opposing the not yet filed complaint for declaratory judgment.

Peleus itself has not alleged that the Disclaimer Letter asserted a right to recoup defense costs. The Declaration by Jocelyn Cornbleet, on behalf of Peleus, stated that,

> On March 3, 2020, Peleus's coverage counsel wrote a letter to Atlantic and advised that Atlantic failed to comply with the Peleus Policy No Coverage Applies if Contractor Conditions Not Met Endorsement. Atlantic was advised that coverage was not available under the Peleus Policy and Peleus would withdraw from Atlantic's defense. A copy of this correspondence is attached as Exhibit H.

Cornbleet Declaration, ¶ 16.

Even the Declaration of Plaintiff's Counsel, in support of their present motion for summary judgment, only alleged that the Disclaimer Letter advised Atlantic State that there was no coverage, and that Peleus would withdraw from the defense of Atlantic State:

> The March 3, 2020 letter advised that there was no coverage afforded under the Peleus Policy because Atlantic State Development failed to comply with the No Coverage Applies if Contractor Conditions Not Met Endorsement of the Peleus Policy. Atlantic State Development was advised that coverage was not available under the Peleus Policy and Peleus would withdraw from the defense of Atlantic State Development in the Lawsuit. *See,* Exh. F. ["Exh. F" to the Walsh Declaration is the Disclaimer Letter, filed as "Exhibit H" to the Cornbleet Declaration, and Defendant's **Exhibit 5**.]

Walsh Declaration, ¶ 10.

The denial of coverage, and expressed intent to withdraw the defense, did not put Atlantic State on notice that Peleus was asserting a right to seek reimbursement for defense costs incurred, or to be incurred; only that Peleus would withdraw from the defense.  Even District Court decisions prior to *American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co*., require a clear, "explicit" reservation of the right to seek reimbursement of defense costs; *see United Specialty Ins. Co. v. CDC Hous., Inc*., 233 F. Supp. 3d 408, 414 (S.D.N.Y. 2017) ("United explicitly reserved its right to seek recoupment of its defense costs in its Partial Declination letter on November 16, 2015: 'United Specialty is reserving its right to withdraw counsel and to seek *reimbursement for costs incurred as a result of providing CDC Housing a defense*.'" [Emphasis in original.])  For the reasons argued above, and in Defendant's Memorandum of Law in opposition to Plaintiff's Motion for Summary Judgment, Atlantic State reiterates that the

Disclaimer Letter was ineffective in reserving Plaintiff's right to recoup defense costs, in

addition to being untimely under New York State Insurance Law § 3420 (d) (2).

## VI.    PARTIAL RECOUPMENT OF DEFENSE COSTS

The Court directed Counsel to address "whether the Court could declare that Peleus is

entitled to recoup only those defense costs it incurred after the March 3, 2020 letter."

Defendant's Counsel has been unable to find a decision regarding New York law directly on

point.  However, the relevant precedent weighs heavily in favor of such power, and to argue

otherwise seems frivolous.

> A district court may grant further relief, including monetary damages, whether or not it "had been demanded, or even proved, in the original action for declaratory relief." *Edward B. Marks Music Corp. v. Charles K. Harris Music Publ'g*, 255 F.2d 518, 522 (2d Cir. 1958); *accord Insurance Servs. of Beaufort, Inc. v. Aetna Cas. and Sur. Co.*, 966 F.2d 847, 851-52 (4th Cir. 1992); *Horn & Hardart Co. v. National Rail Passenger Corp.*, 269 U.S. App. D.C. 53, 843 F.2d 546, 548-49 (D.C. Cir. 1988); *see also Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399-400 (2d Cir. 1975) ("further relief" under § 2202 includes damages); *Alexander & Alexander, Inc. v. Van Impe*, 787 F.2d 163, 166 (3d Cir. 1986); *Security Ins. Co. v. White*, 236 F.2d 215, 220 (10th Cir. 1956).

*Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc*., 155 F.3d 17, 25, 1998 U.S. App.

LEXIS 16091, 27-28, 47 U.S.P.Q.2D (BNA) 1356, 1363, Copy. L. Rep. (CCH) P27,804.  "After

all, equity is noted for its ability to mold relief to the precise circumstances of a given case."

*Hallwood Realty Partners, L.P. v. Gotham Partners, L.P*., 95 F. Supp. 2d 169, 179, 2000 U.S.

Dist. LEXIS 5722, *31, Fed. Sec. L. Rep. (CCH) P90,967.

## <u>CONCLUSION</u>

On the question of whether or not the Plaintiff can reserve a right to recoup defense costs

that is not contained in the insurance policy, there are cases on both sides.  However, the weight

of precedent, and the trend of the decisions, is against permitting the creation of such a right by

letter to the insured, absent a provision in the policy.  Of particular relevance is the recent decision by the New York appellate court explicitly disagreeing with the decisions finding in favor of the insurers' right to recoup defense costs, in the absence of an express contractual provision allowing for recoupment. *American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co*., 192 A.D.3d 28, 39, 138 N.Y.S.3d 626, 635 (2d Dep't., 2020.)

Assuming that the Court finds the position of the minority of District Courts to be more persuasive, Defendant still does not believe that the March 3rd letter from Plaintiff's Counsel, advising Defendant that Peleus will not pay for defense costs, and intends to seek a declaratory judgment withdrawing its defense, was explicit notice that Peleus was reserving its right to seek reimbursement for defense costs.  The insurance Policy was drafted by a company in the business of writing insurance policies.  The Disclaimer Letter was drafted by the insurance company's legal counsel, for the expressed purpose of commencing litigation.  On the other hand, the recipients of the Policy and the Disclaimer Letter are in the construction business.  The Disclaimer Letter was not reviewed by Defendant's Counsel until the commencement of the present case before this Court, but even if it had been, the Disclaimer Letter would have been understood to assert a reservation of the right to recoup defense costs.

.

WHEREFORE, Defendant respectfully requests that this Court enter an Order:

1.  Denying Plaintiff's Motion for Summary Judgment; and,

*2.*  Granting Summary Judgment in favor of Defendant; and,

3.  Declaring that Peleus Insurance Company has no right to recoup defense costs; and,

4.  Granting such other and further relief s this Court deems just and proper.